UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-255-TWP-TAB-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LARRY AYERS | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00255-TWP-TAB |
| ) | |
| LARRY AYERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Larry Ayers, ("Mr. Ayers"), has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkts. 54, 61.) Mr. Ayers seeks immediate release from incarceration because he is at a significant risk of contracting and developing life-threatening complications from an exposure to COVID 19. For the reasons explained below, his motions are **denied**.

### I.     BACKGROUND

In 2018, Mr. Ayers pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Dkts. 46, 47.) Based on information gleaned from wiretapped conversations, law enforcement officials executed a search warrant at Mr. Ayers' residence. (Dkt. 43.) During the search, officials found a loaded Smith & Wesson .40 caliber pistol in his possession. Mr. Ayers has prior felony convictions for resisting law enforcement, dealing in a narcotic drug and possession of cocaine. *Id.* The Court sentenced him to 65 months of imprisonment, followed by 3 years of supervised release. (Dkt. 47.) The Bureau of Prisons ("BOP") lists August 10, 2022 as Mr. Ayers' projected release date with good time credit.

Mr. Ayers is 40 years old.  He is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington").  As of March 5, 2021, the BOP reports that 7 inmates and 4 staff members at FMC Lexington have active cases of COVID-19; it also reports that 736 inmates at FMC Lexington have recovered from COVID-19, and that 9 inmates at FMC Lexington have died from the virus.  https://www.bop.gov/coronavirus/ (last visited Mar. 8, 2021).

In August 2020, Mr. Ayers filed a *pro se* motion for compassionate release.  (Dkt. 54.)  The Court appointed counsel. (Dkt. 55.) Appointed counsel filed an amended motion for compassionate release and supporting memorandum.  (Dkt. 61.)

The Government filed its Response in Opposition, (Dkt. 64), on December 11, 2020, arguing Mr. Ayers waived the right to contest his sentence in his plea agreement, his release would constitute a danger to the community, and he does not present extraordinary and compelling circumstances justifying such relief.  On December 18, 2020, Mr. Ayers filed his Reply.  (Dkt. 66.)  Thus, the motions are now ripe for decision.

## II.   DISCUSSION

Mr. Ayers seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i).  (Dkt. 61.)  Specifically, he contends that his underlying medical conditions (obesity, hypertension and prior Hepatitis C infection), which make him more susceptible to severe complications from COVID-19, combined with the BOP's inability to control COVID-19 outbreaks in their facilities, establish extraordinary and compelling reasons to reduce his sentence to time served.  *Id.*  Mr. Ayers argues that the factors under 18 U.S.C. § 3553(a) weigh in his favor because he has served over 60% of his sentence, and the fear of returning to a correctional facility during the pandemic serves as an effective deterrent.  *Id.*

3

In their response, the Government argues that Mr. Ayers has not established extraordinary and compelling reasons for release because his conditions are self-inflicted, and there is no indication he would follow COVID-19 restrictions if released into society. (Dkt. 64.) The Government further argues that Mr. Ayers would pose a danger to the community if released. They point out that the Federal Bureau of Investigation became attuned to Mr. Ayers due to his close relationship with a major violent drug dealer in the Indianapolis, Indiana area. The firearm that Mr. Ayers possessed was loaded with a round in the chamber. In addition, a wiretapped telephone conversation revealed that Mr. Ayers discharged a firearm during a shooting at a funeral procession. *Id.* Finally, the Government also argues that the factors under 18 U.S.C. § 3553(a) do not favor release because the offense involves the possession of a firearm after Mr. Ayers had sustained four prior convictions, and releasing him more than a year and a half before the expiration of his sentence would minimize the seriousness of the offense and undermine the initial sentence in this case. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment

---

[1] The Government concedes that Mr. Ayers has exhausted his administrative remedies. (Dkt. 64 at 2.)

>(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

5

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's

analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Ayers does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Ayers argues that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including obesity, hypertension and a prior Hepatitis C infection) that increase his risk of experiencing severe COVID-19 symptoms. (Dkt. 61.) The Centers for Disease Control and Prevention ("CDC") has recognized that obesity increases the risk for suffering severe COVID-19 symptoms and that hypertension may increase the risk for suffering severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 8, 2021). While it appears that Mr. Ayers may be managing these conditions while incarcerated, the Court will assume that Mr.

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Ayers' warden in denying Mr. Ayers' administrative request for relief. (Dkt. 61-4.) Mr. Ayers' warden appears not to have considered the possibility that Mr. Ayers could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *Id.* Thus, the warden's decision provides little guidance to the Court's analysis.

Ayers' risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction. *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, Dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, Dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese."); *United States v. Bilyou*, No. 2:11-cr-9-JMS-CMM-6, Dkt. 905 at 6 (S.D. Ind. Nov. 27, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at increased risk of severe illness from COVID-19.").

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Ayers' compassionate release. The factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (b) to afford adequate deterrence to criminal conduct;

    (c) to protect the public from further crimes of the defendant; and

    (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Ayers's motion.

Here, Mr. Ayers suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 8, 2021) (identifying obesity as a condition that increases the risk of severe COVID-19 symptoms). While FMC Lexington experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Mar. 8, 2021) (showing that 736 inmates at the facility had recovered from the virus). The BOP has also actively begun vaccinating inmates against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Mar. 8, 2021). As of March 5, 2021, 127 inmates and 270 staff members at FMC Lexington have received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the

virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Ayers faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Ayers' favor under the § 3553 analysis, he has completed many classes and programs while incarcerated, including obtaining his GED/high school diploma. The BOP has given him a low security classification, and Mr. Ayers has only had one disciplinary infraction during his nearly 3 ½ years in custody.

Weighing against him, Mr. Ayers has several serious felony convictions on his record, including: (1) resisting law enforcement in 2003; (2) dealing in a narcotic in 2003; (3) resisting law enforcement in 2014; and (4) possession of cocaine and resisting law enforcement in 2014. (Dkt. 43.) During his lengthy 2003 incarceration for dealing in a narcotic, Mr. Ayers was sanctioned 15 times by the Indiana Department of Correction for various infractions. (Dkt. 43.) Mr. Ayers also violated his state parole/probation on multiple occasions and was required to return to custody to serve additional time. Leading up to his arrest in this matter, law enforcement executed a search warrant at Mr. Ayers' home that he shared with his girlfriend and her 11-year-old daughter. Mr. Ayers' girlfriend informed officials that she normally kept a firearm on the nightstand on her side of the bed, and she recalled leaving it there the night before, but when the officials finally located a firearm, it was between the mattress and box spring, on Mr. Ayers' side of the bed. *Id.* At his change of plea hearing, he admitted to possession of the firearm.

Moreover, the BOP has rated Mr. Ayres a high risk of recidivism and, while he only has one disciplinary infraction during his current incarceration (for a positive THC test), it occurred a little over a year ago. Finally, Mr. Ayers has completed approximately 68% of his sentence, but he still has nearly a year and a half remaining.

In light of the above, the Court finds that releasing Mr. Ayers early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks prisoners with underlying conditions such as Mr. Ayers face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III.   CONCLUSION

For the reasons stated above, Mr. Ayers' Motions for Compassionate Release, (Dkts. [54] and [61]), are **DENIED**.

**SO ORDERED.**

Date:  3/12/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles C. Hayes
HAYES RUEMMELE LLC
charleshayes.atty@gmail.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov