**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:17-cr-00255-TWP-MJD |
| | ) |
| LARRY AYERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR RECOMMENDATION

This matter is before the Court on a Motion for 12 Month Residential Re-Entry/Halfway House Recommendation Pursuant to 18 U.S.C. § 3624(c)(1) filed by Defendant Larry Ayers, ("Ayers"). (Dkt. 68.) Ayers asks the Court for a judicial recommendation to the Bureau of Prisons, ("BOP"), that he receive twelve months of residential reentry center placement as part of his sentence in this case. The Government has filed its Response in Opposition to the Motion. (Dkt. 71.) For the reasons explained below, his Motion is **denied**.

## I. DISCUSSION

In 2018, Ayers pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 65 months of imprisonment, followed by 3 years of supervised release. (Dkts. 46, 47.) The BOP lists August 10, 2022 as Ayers' projected release date with good time credit. On March 12, 2021, Ayers filed the Motion now before the Court, in which he requests that the Court recommend to the BOP his placement in a residential re-entry center ("RRC") or halfway house, for the last 12 months of his sentence. (Dkt. 68.) In support of his Motion, Ayers asserts that "the BOP does not offer hands-on training assistance for prospective employment post-release." *Id*. Ayers has not submitted any evidence in support of his assertions regarding BOP

programing. The Government has responded in opposition to the Motion asserting Ayers' disciplinary record shows that he consumed marijuana while in the BOP on or about February 23, 2020. (Dkt. 71-1.) The Government argues that Ayers' misbehavior mitigates against him receiving placement at a residential re-entry facility twelve months before his release from prison. (Dkt. 71.)

Under the Second Chance Act of 2007, the BOP alone has the authority to place inmates in an RRC during the final portion of their sentences for up to 12 months. The Second Chance Act specifically provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3642(c). Ayers understands that the ultimate decision concerning how much RRC placement he receives is left to the discretion of the director of the BOP; however, he explains that one of the factors that the BOP considers in determining where a person will be held is "any statement by the court that imposed the sentence". (Dkt. 68.)

Although the BOP considers any statements by the Court, any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the BOP under this section (18 U.S.C. § 3621) to determine or change the place of imprisonment of that person. It is also noted that under the Second Chance Act , all federal inmates are eligible for residential reentry center and home confinement placement; however, not all inmates receive the programs.

That said, the BOP considers several factors in making residential placements. For example, inmates who successfully complete the Residential Drug Abuse Program are specifically

2

eligible for 120 days of community placement. Unfortunately, there is simply a limited number of bed spaces at the halfway houses and the Court is in no position to usurp the BOP's decision making in this regard. The BOP, not the Court, is best suited to make the residential placement determination for Ayers. The BOP bases their release plan decisions on many factors, and their assessment typically provides ample time for an inmate to accomplish their rehabilitative goals.

Ayers offers no information on whether or not he has been assessed by BOP officials, and if he has not yet been assessed, his motion is premature. If a determination has been made, and if Ayers believes that determination is arbitrary or capricious, he should first administratively challenge the BOP's release determination. If he has been assessed, and he disagrees with the BOP's plan for his release, he should provide an explanation to support his disagreement. The Court has consulted with the Probation Officer who suggests that Ayers discuss his requests with his Case Manager, who can fully apprise him of his administrative remedies.

In sum, Ayers' disciplinary record is of concern to the Court. More importantly, Ayers has not presented any justification for being treated any differently that many other inmates. Accordingly, the Court must deny his request.

## II.  CONCLUSION

For the reasons set forth above, Ayers' Motion for 12 Month Residential Re-Entry/Halfway House Recommendation Pursuant to 18 U.S.C. § 3624(c)(1), Dkt. [68], is **DENIED.**

Date:  6/3/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Larry Ayers, #16020-028
FEDERAL MEDICAL CENTER LEXINGTON
P.O. Box 14500
Lexington, Kentucky  40512

Bradley Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov